NCMB-1302 (3/26)

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA

**Fill in this information to identify your case:**

| Debtor 1: | Abigail | Lizbeth | Duran |
|---|---|---|---|
| | First  Name | Middle Name | Last Name |

| Debtor 2: | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

Case number: **26-10053**
(If known)

SS# Debtor 1: XXX-XX-  **xxx-xx-1268**

SS# Debtor 2: XXX-XX-

☐ Check if this is an amended plan, and list below the sections of the plan that have changed.

CHAPTER 13 PLAN

**Section 1:**   Notice.

To Debtors: This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Local Rules of the United States Bankruptcy Court for the Middle District of North Carolina and applicable judicial rulings may not be confirmable. *You must check each box that applies in §§ 1.1, 1.2, and 1.3, below. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 4, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest set out in Section 4.4 | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions set out in Section 9. | ☑ Included | ☐ Not Included |

To Creditors:  Your rights may be affected by this plan.  Your claim and/or lien may be reduced, modified, or eliminated.

You will need to file a proof of claim in order to be paid under any plan.  Official notice will be sent to Creditors, which will provide the name and address of the Trustee, the date and time of the meeting of creditors, and information regarding the filing of proofs of claim.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least seven days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. You will receive notification from the Bankruptcy Court of the date set for the hearing on confirmation. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

**Section 2:**   Plan Length, Payments and Liquidation Value.

2.1  Plan length. The applicable commitment period is:

☑ 36 months          ☐ 60 months

Monthly payments must continue for the entire applicable commitment period unless all allowed unsecured claims are paid in full in a shorter period of time.

2.2  Payments. The Debtor will make payments to the Trustee as follows:

a.   Periodic Payments:

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

Debtor **Abigail Lizbeth Duran**                                              Case Number _____**26-10053**_____

      **$100.00** per **month** for **1** month(s)
      **$790.00** per **month** for an estimated **59** month(s)

*Insert additional lines if needed.*

  b.   Additional payments.

      ☑ None

The Debtor shall commence payments to the Trustee within thirty (30) days from the date the petition was filed. If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to pay creditors as specified in this plan.

2.3  Liquidation value.

  a. ☑ The amount that allowed priority and non-priority unsecured claims would receive if assets were liquidated in a Chapter 7 case, after allowable exemptions, is estimated to be $___**0.00**___.

  b. ☐ Classes of unsecured claims are established, if necessary, based on liquidation value requirements as follows:

      Class _____ - Allowed unsecured claims of _____ with a liquidation value requirement of $_____.

      Class _____ - Allowed unsecured claims of _____ with a liquidation value requirement of $_____.

      Class _____ - Allowed joint unsecured claims of _____ with a liquidation value requirement of $_____.

  c. ☐ Due to liquidation value requirements, interest at _____ per annum will be paid to allowed priority and non-priority unsecured claims as provided below:

      ☐ Interest to all allowed priority and non-priority unsecured claims.

      ☐ Interest to allowed priority and non-priority claims in Class _____.

| Section 3: | Fees and Priority Claims. |
|---|---|

3.1  Attorney fees.

  ☐ The Attorney for the Debtor will be paid the presumptive base fee of $_____. The Attorney has received $_____ from the Debtor pre-petition and the remainder of the fee will be paid monthly by the Trustee as funds are available.

  ☑ The Attorney for the Debtor will be paid a reduced fee of $___**3,500.00**___. The Attorney has received $___**400.00**___ from the Debtor pre-petition and the remainder of the fee will be paid monthly by the Trustee as funds are available.

  ☐ The Attorney for the Debtor will file an application for approval of a fee in lieu of the presumptive base fee.

3.2  Trustee costs.  The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

3.3  Priority Domestic Support Obligations ("DSO").

  a. ☑ None. If none is checked, the rest of Section 3.3 need not be completed or reproduced.

3.4  Other priority claims to be paid by Trustee.

  a. ☐ None. If none is checked, the rest of Section 3.4 need not be completed or reproduced.

  b. ☑ To Be Paid by Trustee

| Creditor | Estimated Priority Claim |
|---|---|
| **Guilford County Tax Collector** | **$0.00** |
| **Internal Revenue Service** | **$0.00** |
| **NC Department of Revenue** | **$0.00** |

2

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

Debtor **Abigail Lizbeth Duran**                              Case Number ___**26-10053**___

| Section 4: | Secured Claims. |
|---|---|

Except as otherwise expressly provided in the plan, the holder of each allowed secured claim provided for below will retain the lien on the property interest of the Debtor or the estate until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

4.1  Real Property – Claims secured solely by Debtor's principal residence.

   a.  ☐ None.  If none is checked, the rest of Section 4.1 need not be completed or reproduced.
   b.  ☑ Maintenance of payments and cure of default.

   Installment payments on the claims listed below will be maintained and any arrearage will be paid in full.  Proofs of claim should reflect arrearage amounts through the petition date.  For claims being paid by the Trustee, the Trustee will commence disbursements of installment payments the month after confirmation.  Any filed arrearage claim will be adjusted to include post-petition installment payments through the month of confirmation.

   Amounts stated on a filed proof of claim, and as adjusted to include post-petition payments through the month of confirmation, will control over any contrary amounts listed below for the installment payment and the arrearage.  Additionally, the Trustee will adjust the installment payment in accordance with any Notice of Mortgage Payment Change filed under Bankruptcy Rule 3002.1.

   The Trustee is authorized to pay any post-petition fee, expense, or charge for which notice is filed under Bankruptcy Rule 3002.1 if no objection is filed to such fee, expense, or charge.

| Creditor | Address of Residence | Current Y/N | Installment Payment | Estimated Arrearage Amount on Petition Date | Indicate by Debtor or Trustee |
|---|---|---|---|---|---|
| **SECU**<br><br>**\* See Special Treatment in Section 9** | **Residence: 1836 Rayle Farm Road Pleasant Garden, NC 27313  Randolph County (Joint Interest)** | **N** | **$1,272.00** | **$10,000.00** | **Debtor** |
| **SECU**<br><br>**\* See Special Treatment in Section 9** | **Residence: 1836 Rayle Farm Road Pleasant Garden, NC 27313  Randolph County (Joint Interest** | **N** | **$1,296.00** | **$20,000.00** | **Debtor** |

   c.  ☐ Claims to be paid in full by Trustee.

| Creditor | Address of Residence | Estimated Claim | Monthly Payment | Monthly Escrow Payment | Interest Rate |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

   d.  ☐ Request for valuation to treat claims as secured to the value of the property and any amount in excess as unsecured. *This will be effective only if the applicable box in Section 1.1. of this plan is checked.*

| Creditor | Address of Residence | Value of Residence | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Monthly Payment to Creditor | Interest Rate |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

4.2  Real Property – Claims secured by real property other than by Debtor's principal residence AND claims secured by Debtor's principal residence and additional collateral.

   a.  ☐ None.  If none is checked, the rest of Section 4.2 need not be completed or reproduced.

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

Debtor **Abigail Lizbeth Duran**                                     Case Number ____**26-10053**____

b. ☑ Maintenance of payments and cure of default.

Installment payments on the claims listed below will be maintained and any arrearage will be paid in full. Proofs of claim should reflect arrearage through the petition date. For claims being paid by the Trustee, the Trustee will commence disbursements of installment payments the month after confirmation and any filed arrearage claims will be adjusted accordingly. Amounts stated on a proof of claim as adjusted to include post-petition payments through the month of confirmation, will control over any contrary amounts listed below for the installment payment and the arrearage.

| Creditor | Collateral | Current Y/N | Installment Payment | Estimated Arrearage Amount on Petition Date | Indicate by Debtor or Trustee |
|---|---|---|---|---|---|
| **Rocket Mortgage** <br><br> **\* See Special Treatment in Section 9** | **1201 Julian Street, Greensboro NC Guilford County** | **N** | **$690.97** | **$17,939.37** | **Trustee** |

c. ☐ Claims to be paid in full by Trustee.

| Creditor | Collateral | Estimated Claim | Monthly Payment | Monthly Escrow Payment | Interest Rate |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

d. ☐ Request for valuation to treat claims as secured to the value of the property and any amount in excess as unsecured. *This will be effective only if the applicable box in Section 1.1 of this plan is checked.*

| Creditor | Collateral | Value of Property | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Monthly Payment to Creditor | Interest Rate |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

4.3  Personal property secured claims.

a.   ☑ None. If none is checked, the rest of Section 4.3 need not be completed and reproduced.

The Debtor requests that the Court determine the value of the secured claims listed as set forth in Sections 4.1.d, 4.2.d, and 4.3.d as applicable. For each non-governmental secured claim listed above, the Debtor states that the value of the secured claim should be set out in the column headed *Amount of Secured Claim*. For secured claims of governmental units only, unless otherwise ordered by the Court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed above. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated above.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Section 6 of this plan. If the amount of a creditor's secured claim is listed above as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Section 6 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in Section 4.

4.4  Lien Avoidance.

*Check One.*

☑   None. *If "None" is checked, the rest of Section 4.4 need not be completed or reproduced.*

**Section 5:**      Collateral to be Surrendered.

a. ☑ None. If none is checked, the rest of Section 5 need not be completed or reproduced.

**Section 6:**      Nonpriority Unsecured Claims.

4

Debtor **Abigail Lizbeth Duran**                                                                 Case Number    **26-10053**

6.1    Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims will be paid pro rata with payments to commence after priority unsecured claims are paid in full. There is no requirement for a distribution to nonpriority unsecured claims except as provided in Section 2.3 or 6.

a. ☐ The minimum sum of  $_____ will be paid pro rata to nonpriority unsecured claims due to the following:

☐ Disposable Income

☐ Other

b. ☐ Allowed non-priority unsecured claims will be paid in full with interest at _____% per annum due to all disposable income not being applied to the plan payment.

6.2    Separately classified nonpriority unsecured claims.

a. ☑ None.  If none is checked, the rest of Section 6.2 need not be completed or reproduced.

**Section 7:**        Executory Contracts and Unexpired Leases.

a.  ☑ None.  If none is checked, the rest of Section 7 need not be completed or reproduced.

**Section 8:**        Standard Provisions.

8.1    Vesting of Property of the Bankruptcy Estate:

Property of the estate will vest in the Debtor(s) upon:

Plan Confirmation

**X**    Discharge

Other: (specify) _____.

8.2    General Provisions:

a.    The Trustee shall collect and disburse payments in accordance with the plan.
b.    Proofs of claim must be filed to receive disbursements pursuant to the plan. Any claim to be paid as secured must contain evidence of a properly perfected lien on property of the estate. A creditor that does not hold an allowed secured claim will be  treated as unsecured.
c.    All payments being made by the Trustee on any claim secured by real or personal property shall terminate upon the lifting of the automatic stay with respect to the affected property.
d.    Notwithstanding the allowance of a claim as secured, all rights under Title 11 to avoid liens or transfers are reserved and confirmation of the plan is without res judicata effect as to any action to avoid a lien or transfer.
e.    Confirmation of the plan shall not prejudice the right of the Debtor or Trustee to object to any claim.
f.    The Debtor must promptly report to the Trustee and must amend the petition schedules to reflect any significant increases in income and any substantial acquisitions of property such as inheritance, gift of real or personal property, or lottery winnings.
g.    Use, Sale, or Lease of Property: The use, sale, or lease of property by the Debtor(s) remains subject to the requirements of 11 U.S.C. § 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Standing Orders.

8.3    THE FOLLOWING ADDITIONAL PROVISIONS ARE APPLICABLE TO THE HOLDER OR SERVICER ("HOLDER") OF A CLAIM SECURED BY A DEED OF TRUST, A MORTGAGE OR SECURITY INTEREST IN REAL PROPERTY, OR A MOBILE HOME THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE:

a.    The Holder, upon confirmation, is precluded from imposing late charges or other default related fees based solely on pre-confirmation default.
b.    If the Trustee is disbursing ongoing monthly installment payments, the Holder must apply each ongoing payment to the month in which the payment is designated.
c.    For any loan with an escrow account, the Holder must prepare and must send an escrow analysis annually to the Debtor, the Trustee and the Debtor's attorney. The first escrow analysis must be filed with the proof of claim in accordance with Bankruptcy Rule 3002.1. The escrow analysis should not include any amounts that were included or should have been included in the arrearage claim.
d.    The Holder shall continue to send monthly statements to the Debtor in the same manner as existed pre-petition and such statements will not be deemed a violation of the automatic stay.

5

Debtor **Abigail Lizbeth Duran**                                      Case Number___**26-10053**___

- e.  The Holder is required, upon request, to provide account information to the Trustee within 21 days of the request and failure to provide a timely response may result in an order requiring the Holder to appear and show cause as to why Holder should not be sanctioned for failure to comply.
- f.  Nothing herein shall modify Holder's responsibilities under Bankruptcy Rule 3002.1 or other state or federal laws or regulations.
- g.  Unless the Court orders otherwise, an order granting a discharge in the case shall be a determination that all pre-petition and post-petition defaults have been cured and the account is current and reinstated on the original payment schedule under the note and security agreement as if no default had ever occurred.
- h.  PENALTY FOR FAILURE OF HOLDER TO COMPLY WITH THE REQUIREMENTS OUTLINED IN BANKRUPTCY RULE 3002.1. Without limitation to the Court's authority to afford other relief, any willful failure of the Holder to credit payments in the manner required by Bankruptcy Rule 3002.1 or any act by the creditor following the entry of discharge to charge or collect any amount incurred or assessed prior to the filing of the Chapter 13 Petition or during the pendency of the Chapter 13 case that was not authorized by the order confirming plan or approved by the Court after proper notice, may be found by the Court to constitute contempt of Court and to be a violation of 11 U.S.C. § 524(i) and the injunction under 11 U.S.C. § 524(a)(2).

| Section 9: | Nonstandard Plan Provisions. |

- a.  ☐ None. If none is checked, the rest of Section 9 need not be completed or reproduced.

- b.  ☑ The following plan provisions will be effective only if there is a check in the box "Included" in Section 1.3. Any nonstandard provision as defined by Bankruptcy Rule 3015(c) set out elsewhere in this plan is void.

**1201 Julian Street, Greensboro, NC: Debtor is pursuing mortgage loan modification or other options to resolve mortgage arrearage with Rocket Mortgage ("Mortgage Creditor). Debtor proposes ongoing adequate protection payment equal to contractual monthly payment of $690.97 to be disbursed by the Standing Trustee beginning April 2026 with no separate disbursement for any arrearage claim. Should no motion to modify the mortgage or other pleading to resolve Mortgage Creditor's secured claim be filed by August 31,, 2026; then, in that event, the automatic stay will terminate to allow Mortgage Creditor to liquidate the collateral and Mortgage Creditor shall have 180 days from August 31, 2026 to file any deficiency claim.**

**1836 Rayle Farm Road, Pleasant Garden, NC: SECU holds a first Deed of Trust and a second Deed of Trust (HELOC)against the Debtor's real property located at 1836 Rayle Farm Road, Pleasant Garden, NC (the "Real Property") which the Debtor owns jointly with other family members. The Debtor is not personally liable for the first mortgage loan and is a joint obligee for the second mortgage. The Debtor proposes to surrender her interest in the Real Property and proposes no disbursements through her Chapter 13 Plan to SECU on these two mortgages but further proposes and authorizes Jerman Duran, Nuria Duran, and Maria Torres-Blance who are liable for these mortgage obligations to continue to pay SECU per the terms of the mortgage notes.**

By filing this document, the Debtor(s), if not represented by an Attorney, or the Attorney for Debtor(s) certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in NCMB Chapter 13 Plan, other than any nonstandard provisions included in Section 9.

Signature(s):

*If the Debtor(s) do not have an Attorney, the Debtor(s) must sign below; otherwise, the Debtor(s) signatures are optional. The Attorney for the Debtor(s), if any, must sign below.*

**/s/ Tommy S. Blalock, III**                                      Date:   **March  6, 2026**
_____                        _____
**Tommy S. Blalock, III 26467**
Signature of Attorney for Debtor(s)

Address:     **620 Green Valley Road**
             **Suite 209**
             **Greensboro, NC 27408**
Telephone:   **(336) 274-2343**
State Bar No: **26467 NC**

6

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

Debtor **Abigail Lizbeth Duran**                                    Case Number **26-10053**
*NCMB-1302 (3/26)*

UNITED STATES BANKRUPTCY COURT
Middle District of North Carolina

In re:  **Abigail Lizbeth Duran**                    )  Case No. **26-10053**
                                       )
    **1836 Rayle Farm Roak**                 )
        (address)                    )
    **Pleasant Garden NC 27313-0000**     )  CHAPTER 13 PLAN
SS# XXX-XX- **xxx-xx-1268**             )
SS# XXX-XX- _____                 )
                                         )
          Debtor(s)               )

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the plan was served by first class mail, postage prepaid , to the following parties at their respective addresses:

**Reid Wilcox**, **Clerk of Court**
**U.S. Bankruptcy Court**
**Middle District of North Carolina**
**P.O. Box 26100**
**Greensboro, NC 27402**

**Anita Jo Kinlaw Troxler, Chapter 13 Trustee**
**P.O. Box 1720**
**Greensboro, NC 27102**

**Affirm, Inc.**
**650 California Street, Floor 12**
**San Francisco, CA 94108**
**Bank of America**
**P.O. Box 982238**
**El Paso, TX 79998**
**Capital One Bank USA, NA**
**PO Box 31293**
**Salt Lake City, UT 84130-1293**
**Capital One, N.A. fka Discover Bank**
**PO Box 31293**
**Salt Lake City, UT 84130-0939**
**Cone Health**
**Bankruptcy Department**
**1200 North Elm Street**
**Greensboro, NC 27401**
**Credit One Bank**
**P.O. Box 98873**
**Las Vegas, NV 89193-8873**
**Guilford County Tax Collector**
**PO Box 3138**
**Greensboro, NC 27402**
**Internal Revenue Service**
**PO Box 7346**
**Philadelphia, PA 19101-7346**
**Jerman Duran**
**1836 Rayle Farm Road**
**Pleasant Garden, NC 27313**
**Macy's**
**Bankruptcy Processing**
**P.O. Box 6786**
**Sioux Falls, SD 57117-6786**
**Maria Torres-Blanco**

7

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com

Debtor **Abigail Lizbeth Duran**                                         Case Number   **26-10053**

**1836 Rayle Farm Road**
**Pleasant Garden, NC 27313**

**MetroPCS**
**P.O. Box 4500**
**Allen, TX 75013**

**NC Department of Revenue**
**PO Box 1168**
**Raleigh, NC 27640**

**Nuria Duran**
**836 Rayle Farm Road**
**Pleasant Garden, NC 27313**

**OneMain Financial Group LLC**
**PO Box 3251**
**Evansville, IN 47731-3251**

**Phillip A Glass**
**Nodell, Glass & Haskell, LLP**
**5540 Centerview Drive, Suite 416**
**Raleigh, NC 27606**

**Randolph County Tax Department**
**725 McDowell Road**
**Asheboro, NC 27205**

**Rocket Mortgage, LLC**
**f/k/a Quicken Loans, LLC**
**635 Woodward Avenue**
**Detroit, MI 48226**

**SECU**
**Attn: Bankruptcy Department**
**PO Box 25279**
**Raleigh, NC 27611-5279**

Under penalty of perjury, I declare that the foregoing is true and correct.

Date   **March  6, 2026**

                                                                    **/s/ Tommy S. Blalock, III**
                    Print Name:                  **Tommy S. Blalock, III 26467**
                    Business Address:            **620 Green Valley Road**
                                                 **Suite 209**
                                                 **Greensboro, NC 27408**

8

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com